## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY ROSSER                          :          CIVIL ACTION


        v.                              :          NO.  03-2195


CITY OF PHILADELPHIA, *et al.*          :

### ORDER

**AND NOW,** this            day of                  , 2003, upon consideration of plaintiff's

Motion to Enforce Settlement Agreement, and the response thereto, it is hereby ORDERED and

DECREED that the Motion is **DENIED.**

                        BY THE COURT:




                        _____
                        **HARVEY BARTLE, III     J.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY ROSSER                          :          CIVIL ACTION


             v.                         :          NO.  03-2195


CITY OF PHILADELPHIA, *et al.*           :

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE
### SETTLEMENT AGREEMENT

Defendants, through their undersigned counsel, respond to plaintiff's Motion to Enforce Settlement as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.  The averments in paragraph 5 are untrue, inaccurate and misleading.  By way of further Answer:

a.      Pursuant to policy, after the settlement, the City of Philadelphia – Law Department checked City of Philadelphia property tax records and learned that plaintiff owed the City a total of $1,667.94 representing property taxes on plaintiff's home-located 641 North 35th Street, Philadelphia, PA.

b.      Thereafter, by regular and certified mail, the City advised plaintiff that it would delay payment of the settlement proceeds until plaintiff arranged to pay his taxes.  A copy of plaintiff's tax records is attached hereto and marked Exhibit A.

c.      Plaintiff did not contact the City to resolve this issue.

d.      Also, in an effort to get plaintiff his settlement proceeds, the City asked for and received from plaintiff's attorney the following documentation:

i.      Evidence of a Commonwealth of Pennsylvania Department of Public Welfare lien on the settlement proceeds at $2,646.85 discounted to $1,764.65.  A copy of a communication from the Department of Public Welfare is attached hereto and marked Exhibit B.

ii.      A Philadelphia County Common Pleas Court, Domestic Relations Branch Order directing that plaintiff pay $3,500.00 in delinquent child-support payments out of the settlement proceeds.  A copy of the Order is attached hereto and marked Exhibit C.

iii.      A copy of plaintiff's fee agreement with his attorney requiring that he pay a minimum of 40% of the settlement proceeds.  A copy of the fee agreement is attached hereto and marked Exhibit D.

e.      After totaling plaintiff's obligations ($6,932.59) the City realized that the remainder ($3,067.41) was less than what plaintiff owed his attorney ($4,000.00).

f.      Rather than eat into the attorney's fee, the City opted to delay collection of the delinquent property taxes and arranged for two checks totaling $10,000.00—one at $3,5000.00 for the delinquent child support payments and payable to the Philadelphia County District Attorney's Office Child Support Unit, the other at $6,5000 payable to plaintiff and his attorney.

6.      Denied.  The averments in paragraph 5 are untrue, inaccurate and misleading.  By way of further Answer:

a.      The City advised plaintiff's attorney of the resolution described in paragraph 5(f) and immediately thereafter, he demanded immediate payment in lieu of filing this Motion.

b.      Upon information and belief, on October 14, 2003, via U.S. mail, the City sent plaintiff and his attorney a check at $6,500.00.

**WHEREFORE,** for all of the foregoing reasons, the City of Philadelphia respectfully

requests that this Court deny plaintiff's Motion to Enforce the Settlement Agreement.

**CITY OF PHILADELPHIA-LAW DEPARTMENT**
**NELSON A. DIAZ**
**City Solicitor**

By: _____

**EDWARD D. CHEW, JR**
Senior Attorney
1515 Arch Street - 14th Floor
Philadelphia, PA 19102
215.683.5420 *fax* 215.683.5397
*e-mail:* edward.chew@phila.gov

TRANS ID: _____   BRT#: 242162501 ST  CDE/HSNUM SFX/UNT: 88480 / 00641 _ / _____
CALCULATE/PENALTY OF DATE: _07212003_    PAYMENTS POSTED THRU:  07/17/2003

PROPERTY ADDR:  00641 -      : N 35TH              ST
              UNIT#:        ZIP CODE: 19104 - 1943    BULK REQ: _____ __
OWNER (1) LAST: ROSSER            FIRST: ANTHONY        MI:

| | TAX YR | TAX PRINCIPAL | ADDITIONS /INTEREST | DISCOUNT /PENALTY | OTHER | OUTSTANDING BALANCE | ENFORCEMNT UNIT | BULK REQ |
|---|---|---|---|---|---|---|---|---|
| 01 | 03 | 452.21 | 27.13 | 0.00 | .00 | 479.34 | | |
| 02 | 02 | 367.98 | 19.32 | 22.08 | 20.00 | 429.38 | | |
| 03 | 01 | 310.20 | 44.20 | 21.71 | 43.21 | 419.32 | | |
| 04 | 00 | 231.13 | 53.74 | 16.18 | 38.85 | 339.90 | | |
| 05 | 99 | 0.00 | 0.00 | 0.00 | .00 | 0.00 | | |
| 06 | 98 | 0.00 | 0.00 | 0.00 | .00 | 0.00 | | |
| 07 | | | | | | | | |
| TOTAL | | 1361.52 | 144.39 | 59.97 | 102.06 | 1667.94 | | |

SELECT: ___                                                    MORE:  N
THE "OTHER" COLUMN NOW INCLUDES LIEN CHARGES AND LEGAL FEES 1990 THROUGH 2001
PF4=FWD PF5=BKWD PF8=SELECT  PF11=PREV MENU    PF12=MAIN MENU   CLR=PREV SCREEN

Sep 25 03 11:33a      Michael Pileggi            215 627 8516        p.2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF PUBLIC WELFARE
BUREAU OF FINANCIAL OPERATIONS
DIVISION OF THIRD PARTY LIABILITY
CASUALTY UNIT
P.O.BOX 8486
HARRISBURG, PA 17105-8486

August 18, 2003

MICHAEL PILEGGI  ESQUIRE
ATTORNEY AT LAW
303 CHESTNUT ST
PHILADELPHIA PA  19106

Re: ANTHONY ROSSER
CIS #: 002431591
Incident Date: 10/24/2002

Dear Mr. Pileggi:

The Department of Public Welfare maintains a lien in the amount of $2,646.85 for the above-referenced incident.

The Department has agreed to reduce its lien by 33 1/3% and accept the net payment of $1,764.65 to satisfy the total lien amount.

Checks should be made payable to the Department of Public Welfare and sent to my attention at the above address. We request that with all transmittal of funds, you provide the Department with a copy of the final distribution sheet.

In the event you have already brought or will bring any action resulting in a further recovery, we reserve the right to seek recovery of any additional unpaid portion of our medical/cash lien. This settlement in no way affects our future rights.

Thank you for your cooperation in this matter. If you have any further questions, please contact me.

Sincerely,

Debra A. Wiest

Debra A. Wiest
TPL Program Investigator
717-772-6713
717-772-6553 FAX

**EXHIBIT B**

In the Court of Common Pleas of     PHILADELPHIA     County, Pennsylvania
DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| OCTAVIA ROSSER | ) Docket Number     00-33365 |
|        Plaintiff | ) |
| vs. | ) PACSES Case Number    686101894 |
| ANTHONY D. ROSSER | ) |
|        Defendant | ) Other State ID Number |

## Order

**AND NOW** to wit, this       SEPTEMBER 4, 2003       it is hereby Ordered that:

BY AGREEMENT OF PARTIES: ATTORNEY MICHAEL PILEGGI IS DIRECTED TO ISSUE A CHECK IN THE AMOUNT OF $3,500.00 MADE PAYABLE TO "PA SCDU." THIS CHECK SHOULD BE SENT DIRECTLY TO PATRICIA ALEKSINAS, DISTRICT ATTORNEY'S OFFICE, 46 S. 11TH STREET, SUITE 300, PHILA., PA 19107. FUNDS ARE TO BE APPLIED TO OUTSTANDING ARREARS IN THIS CASE ONLY. ATTORNEY PILEGGI IS THEN FREE TO DISTRIBUTE ANY REMAINING FUNDS TO THE APPROPRIATE PARTIES.

BY THE COURT:

_Myrna Field_
JUDGE

Service Type M

Form OB-520
Worker ID 51D01

**EXHIBIT C**

## CONTINGENT FEE AGREEMENT / POWER OF ATTORNEY
## CIVIL RIGHTS CASE

3-14-03
Date

I, Anthony Rosser hereby appoint and retain Michael Pileggi, Esquire, and attorneys he may be associated with to provide legal services in pursuit of a claim which arose on November 21, 2002 against Anthony Rosser where the above attorney agrees to provide such services faithfully and with due diligence.

Compensation is to be paid only upon the contingency that the client receives an amount in recovery or settlement from any or all defendants.

The minimum fee shall be 40% of the amount of any gross recovery or settlement inclusive of attorney's fees. In the event that an appeal is necessary, such a minimum fee shall be 50% of the amount of any gross recovery or settlement, inclusive of attorney's fees. The percentage is to apply to the full amount of the recovery or settlement before deducting expenses.

Michael Pileggi, Esquire has represented to the client, and the client understands, that due to the great uncertainties of civil rights litigation the prospects of recovering the minimum fee would not be sufficient to induce them to handle this matter without the possibility of recovering a reasonable attorney's fee for the time they expend under 42 U.S.C. Section 1988.

Anthony Rosser agrees that if this matter proceeds through trial and a judgment is obtained in favor of the client, he will petition the court for a separate award of attorney's fees. In the event the matter is settled by agreement with a defendant, the attorney shall endeavor to negotiate separately an amount for attorney's fees.

In the event attorney's fees are awarded either by the court or by settlement, said attorney shall be entitled to either the attorney's fees or the aforementioned 40%, but not both.

All expenses incident to the prosecution of the case shall be borne by the client. Should no money be recovered by suit or settlement the client shall not be liable to the attorneys for expenses and disbursements.

**EXHIBIT D**

Should the client cease his relationship with said attorney, the client will be responsible for all reasonable expenses and disbursements as well as, payment to the attorneys for professional services rendered. The payment for professional services rendered will be based upon a quantum merit.

I hereby authorize said attorney to pay out of any proceeds of settlement or trial, any outstanding medical expenses for care and treatment made necessary by the injuries sustained in this incident.

The attorney and the client recognize the possibility that a defendant may offer to settle the claim by paying compensation to the client while insisting on a waiver of any separate claim for attorney's fees. If, in order to negotiate a settlement of the case with a defendant, the client wishes to reduce or eliminate the attorney's fees to be paid by the defendant, the client may do so. However, in the event the client will then be responsible for paying the greater of either the minimum fee or the attorney's fees which might have been awarded under 42 U.S.C. Section 1988, computed by multiplying the reasonable amount of hours spent by each attorney, paralegal and law student who worked on the case by the market rate for that person's services at the time of settlement, with no reductions or enhancements.

**I HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT AND HAVE RECEIVED A COPY OF THIS AGREEMENT.**

_____
Name

_____
Address

_____
Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ANTHONY ROSSER**     :   **CIVIL ACTION**

    **v.**     :   **NO.  03-2195**

**CITY OF PHILADELPHIA,** *et al.*     :

**CERTIFICATE OF SERVICE**

  I, **EDWARD D. CHEW, JR.,** Deputy City Solicitor, hereby certify that on the date

below listed, a true and correct copy of the attached pleading was served on the following by

U.S. Mail, postage prepaid:

Michael Pileggi, Esquire
303 Chestnut Street
Philadelphia, PA 19106
215.627 8516  *fax* 215.627.5105

**DATE:  October 15, 2003**

      **CITY OF PHILADELPHIA - LAW DEPARTMENT
NELSON A. DIAZ
City Solicitor**

    By:   _____

      **EDWARD D. CHEW, JR.**
Senior Attorney
1515 Arch Street - 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5420
*fax* (215) 683-5397
*e-mail* edward.chew@phila.gov

Attorney for the Municipal Defendant(s)